Good morning. Good morning. May it please the Court, Sean Franswell on behalf of Petitioner Tommy Lee Fryman. With the Court's permission, I'd like to reserve three minutes of rebuttal from my colleague. All right. Watch your time. Thank you, Your Honor. Tommy Lee Fryman is serving a life sentence for simple possession of 1.2 grams of crack cocaine. It is not disputed that if convicted of the same crime today, he would not face a single day in prison. Your Honors, this is one of those extreme and exceedingly rare cases that violates clearly established Eighth Amendment law. Now, after Ewing and Andrade, this Court has granted habeas relief in several cases where certain minor crimes drew life sentences under California's Three Strikes Law. Simply put, Your Honors, if the petitioner in Gonzalez v. Duncan was entitled to relief, then so is Mr. Fryman for two reasons. Number one, Mr. Fryman's triggering offense and criminal history are of equal or lesser gravity than the petitioner in Gonzalez v. Duncan. Number two, as this Court found in that case, in order to uphold a life sentence for minor crimes under a recidivist sentencing scheme, there has got to be some connection between the triggering offense and the priors. And as in Gonzalez, Your Honors, there is no connection in this case. It is our position that, like Gonzalez, simple possession of drugs that occurs 18 years after the most recent serious felony is of a fundamentally different character and does not evince that clear pattern of recidivism that this Court required in Gonzalez v. Duncan. Number two, to the extent that it is linked by drug addiction in general, this very clearly cuts in our favor under Solon v. Helm, where the Supreme Court clearly stated that drug addicts, number one, are not the kind of people properly targeted by recidivist sentencing schemes, and number two, that the State simply has no interest in incarcerating addicts for life. It only takes them away from the treatment that they need. And, Your Honors, of course, that is just painfully amplified in this case by Proposition 36. Counsel, the flaw in your argument is that in order to support his habit, the defendant and other addicts engage in crimes. So why isn't it appropriate to sentence them for the crimes they've committed? Because that's what the Three Strikes Law is all about. Well, Your Honor, certainly our argument is that he deserves some punishment for drug possession. That is, you know, we're not minimizing that. It's just that he doesn't deserve a life sentence. This Court required no more than that. He's getting it more than that. I mean, we're talking about a person with a history here. That's right, Your Honor. But as we know from Gonzalez, a serious criminal history alone cannot justify a three-strike sentence. As the Supreme Court has clearly established, we must focus on the instant offense. And applying that clearly established law, this Court has required a connection that evinces a clear pattern of recidivism. And, Your Honors, the chain between the violent priors and the triggering offense is broken by 18 years. And during that time, Mr. Freiman made fundamental changes in his life that we've never seen before in a three-strikes case like this. He got married. He bought a home. He had a child. He was holding steady jobs. This man was trying to change his life. Now, it's true. He was a drug addict. He has a problem. We're not trying to minimize that. He was in the grip of addiction. But that is precisely why he needs treatment, as the Supreme Court has recognized and as the voters of California recognized in Proposition 36. Well, they recognized it later, though. I mean, that's the problem, isn't it? You're referring to Proposition 36? Yes. Your Honor, I don't think that that is a problem here. California, you know, didn't have to change its sentencing laws, the way they punish drug crimes. But once they do, they can't do it in a way that discriminates against similarly situated individuals. But they're not similarly situated because the crime was committed at a different time, and the legislature has the authority to decide when a particular law will take effect. How can we tell the legislature when it should make a law effective? Well, Your Honor, it is our position that they are similarly situated for the following reason. You can have two defendants here. Defendant A, who has the exact same criminal history as Mr. Freiman, commits the same offense as Mr. Freiman on the same day as Mr. Freiman. But instead of cooperating and pleading guilty, he goes to trial. He extends his trial out past July 1, 2001. That defendant gets the benefits of Proposition 36. He's not similarly situated at that point. But, Your Honor, there is no rational basis for that line to mean the difference between automatic probation and life imprisonment. The State still, once, as Judge Patel recognized, this law creates two categories of similarly situated individuals. Once that happens, the burden shifts to the State. They have not presented this Court with a rational basis for sending one man to prison for life, while people who commit the same and worse crimes are routinely given drug rehabilitation. They haven't done it because they can't do it. There is no rational basis for that kind of disparate treatment. Now, Your Honors, I want to talk specifically about why the State Court of Appeals decision was both contrary to and an objectively unreasonable application of clearly established law. You recognize the Supreme Court has really, really heightened your burden of showing. I do recognize. In that showing. Yes, Your Honor, I do. Thank you. And the case, the facts of this case are so extraordinary that I think we meet that burden. Number one, the State Court of Appeals treated the instant offense as irrelevant. On page 112 of the supplemental excerpt of record, we have the language of the State Court of Appeals opinion. They say, Mr. Fryman is deserving of a three-strike sentence regardless of his current felony. Now, that is flatly contrary to the Supreme Court's language in Solemn v. Helm, where they said we must focus on the principal felony because the defendant has served his time for those past crimes. That was flatly contrary to the Supreme Court. But for habeas review, we don't dissect the reasoning of the State court. We look at the result and determine whether or not the decision that was made by the State court was contrary to or an unreasonable application of Supreme Court law. So dissecting the reasoning of the State court doesn't really help you that much. Well, it does. Your Honor, I think that certainly the issue here is how the State court came out. There's no question about that. But by looking at its reasoning, we have sort of a window into the way the court was thinking, and we know that they were objectively unreasonable in applying Supreme Court law. And that's why they reached the wrong conclusion, because they did every single step of that test backwards. They got every single step wrong. I want to – the next reason is it was objectively unreasonable for the court to omit Proposition 36 when weighing the gravity of the instant offense. This is extraordinary. This is the elephant in the room. The triggering offense has essentially been decriminalized, and no one is talking about it. Your Honor, I see that I'm at my 3-minute mark. I'd like to reserve the remainder of my time. Thank you. Thank you, counsel. We'll hear from the government. May it please the Court. Peggy Ruffray from the Attorney General's Office for Respondent. Your Honor, I think it bears repeating that in this case what we're talking about here is not a three-strike defendant, but a tenth-strike defendant. He has nine prior serious and violent felonies that were extremely dangerous crimes. And my opponent – Counsel, in all fairness, several of them were from one incident, right? Yes, they were. In addition, though, he had five other felonies that weren't strikes but were also felonies, including statutory rape, sale of cocaine, possession of weapons. And then in addition to that, he had 35 misdemeanors, including battery and three DUIs. So to suggest that he had an 18-year period in his life where he had turned his life around and was completely blameless I think is a distortion of the record. He was committing crimes his entire life. The most serious ones were earlier, it's true, but he was a career criminal. And in light of that, he clearly knew that if he committed another crime, his tenth strike, that he would be subject to the three strikes law. And there was an extremely lengthy sentencing hearing in this case. The judge very thoughtfully considered the defendant's witnesses. The defendant himself spoke at the sentencing hearing, and the trial judge said, I understand that your current offense is not the most serious offense, but in light of your entire history, I'm looking at your entire history, and I believe that you are subject to the three strikes law. And so the question for this Court now is, was that objectively unreasonable? And given the Supreme Court's holdings in both Andrade and then more recently in Richter, I think it's clear that that's an extremely high standard to meet. In Andrade, the defendant's current offense was simply petty theft, which was only a felony because he had prior theft convictions. And then his strikes were three residential burglaries. When you compare that to this man's life of crime, it's simply not remotely comparable and certainly not unreasonable, which, again, is the test for this Court. And then that was recently emphasized yet again in the Richter case from the Supreme Court, where the Court very strongly made clear that habeas relief should be rare and only for the most unusual, erroneous opinion by the State court. And this opinion simply does not qualify. What is your response to the equal protection argument? Well, that is also an extremely deferential standard of review. I don't think that anyone argues at this point that this is a strict scrutiny case. It's a rational basis case. And the rational basis test itself is extremely deferential. Then you have the overlay of ADPA. And I think the most instructive Supreme Court case is Heller v. Doe. It's a fairly recent Supreme Court case where they indicated that when laws are measured under a rational basis test, they must be informed simply by rational speculation. And in this case, what the California Supreme Court held in People v. Floyd was that it was clearly rational for the legislature. They had to have a cutoff point somewhere. And so it was clearly rational for them to say, we need to we're going to make that six months from the date the voters enacted Prop 36, and you have to have been sentenced before that because we need to get programs in place, and it's going to take a little time to do that, and so that's going to be the effective date. And in fact, in the legislation itself, there was an indication that if the law passed, then they would also appropriate $60 million from the general fund, and they would have to set up this substance abuse trust fund. That would be to implement programs so that however many people were then going to be falling into this category, they would have treatment programs in place to meet that need. So clearly it was rational to say we need to have this prospective starting date in order to get those programs into place, and that certainly met the rational basis. What's your response to the counterargument that there were only two people who were affected by the statute, and therefore all of the planning and the money that had to be budgeted was really a pretext or a pretense and it was not really a basis for setting the cutoff date because it didn't have the impact that the State articulated? Well, I think first of all, it's unclear that it was just two people, because not every person's case who is currently on appeal is necessarily findable in some sort of electronic database. Some unreported appeals are, but not all of them are. So as I was looking to see what other people might fall into this category, not everybody's case is some place where you could identify it. Were there any that you could identify? Well, I found the two that were reflected. But more to the point, in Heller v. Doe, the Supreme Court said you don't have to have a perfect fit. You don't have to have mathematical niceties. All you need is informed speculation, rational speculation. And it was certainly rational for the California Supreme Court to say we don't know how many people might be affected by this as far as the cutoff date of who were already sentenced versus were going to be sentenced. But if there are going to be a number of people who would therefore have to be resentenced, they were not required to go through and try to do some sort of census. That's not what legislation is all about. The legislature doesn't have to have that kind of hearings and testing and come up with some exact grid of people that would be affected before they can constitutionally pass a law. So the California Supreme Court simply said there may be resentencings involved and we don't know how many, but is that rational to say that we have to make it prospective from a certain date? Clearly it is. I think this case is more similar to Taylor, the Ninth Circuit's opinion in Taylor than Gonzales. Taylor was another case where the defendant's current offense was possession of cocaine. And then he had some serious and violent priors in his past. This Court found that that case, there was no unreasonable application. And as far as there being some sort of a connection between the current offense and the priors, I don't think the U.S. Supreme Court has ever said that. And, of course, this Court is bound simply by United States Supreme Court law. But even if there had to be something like that, this is one of the clearest cases possible, because when the defendant testified at his sentencing hearing, he said, I have committed all my crimes because I'm a drug addict. So we know for a fact that his substance abuse is what has caused his criminal behavior in the past. And now he's showing that he's continuing to use drugs. So if there was a connection needed, it was clearly shown in this case. For all those reasons, it was not one of those exceedingly rare cases where the Court needs to step in and find a cruel and unusual punishment violation. Unless there are any further questions. Thank you. It appears not. Thank you, counsel. Rebuttal. May I please have a word? Kent Carsey for the Petitioner. Before you go, she just mentioned something on the cruel and unusual aspect. Yes, ma'am. In Rommel, the Supreme Court upheld the sentence of 12 years to life for a false pretences conviction, and the defendant's priors were nonviolent felonies. How do you distinguish that from what we have here? Your Honor, using the Supreme Court's analysis, the severity of the crime versus the harshness of the penalty, 12 years to life, I feel, is a different category than 25 to life, which our client is facing here. So that's one clear distinction between the two cases. You said Rommel versus Selle, Your Honor. I couldn't quite hear. Also, under Rommel, the punishment without priors was a maximum of 10 years, which is, objectively speaking, if you look at the punishments for the crimes, a more serious offense than Mr. Prime's crime, which was only punished between 16 months and 3 years in prison at the time of his offense. So those two things, both the severity of the crime and the harshness of the punishment, put it in a different category than this crime. Does that answer your question, Your Honor? Yes, it does. I would like to speak to a couple of things that the State brought up. First of all, this Court does not have to look to the trial court's decision in sentencing Mr. Freiman. The correct place for the Court to look would be to the State court of appeals opinion denying Mr. Freiman habeas relief. Now, as my colleague has stated, that opinion is objectively unreasonable and contrary to clearly established Supreme Court law. If you look to page 296 of that opinion, it clearly states that the Court must focus on the current offense because the Petitioner has already paid the price for all his previous offenses. And that's the exact same as this situation where Mr. Freiman, though he has a criminal history, has paid the price for those offenses. Now, in Gonzales, this Court recognized that by looking at the State court of appeals opinion, it must be irrational because there's no way to apply the facts of that case to Gonzales' to the – with the Supreme Court analysis and arrive at the conclusion that it did. So in the same light, it's irrational for this – for that Court to look at Mr. Freiman's sentence and his criminal history, apply the facts of that case, and find that Mr. Freiman was deserving of a life sentence. Gonzales had attempted forcible rape with a child under 14. He had extremely long criminal history that also involved robberies and violence. And yet, this Court, because it could not find a connection between the two crimes and the minor nature of his current offense, afforded him relief. And we believe that the same relief should be granted to Mr. Freiman. All right. Thank you. Thank you to both counsel. We'd like to particularly thank the students from Stanford University for your fine argument. The case just argued is submitted for decision by the Court.
judges: Wells, Fernandez, Rawlinson